UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| SAMUEL A. BASALDU, | ) | |
|    *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 4:06-cv-23 |
| GOODRICH CORPORATION, | ) ) ) | Judge Mattice |
|    *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Objection [Court Doc. 41] to Magistrate Judge William B. Carter's Memorandum and Order [Court Doc. 40] compelling Plaintiff to disclose to Defendant the signed affidavits of Alan Stephens and Steve Trail.

For the reasons stated below, Plaintiff's Objection is **OVERRULED**.

### I.  STANDARD

With respect to nondispositive pretrial matters assigned to a magistrate judge for decision, a district court may reconsider the magistrate judge's decision on such matters and may overturn the decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004).

### II.  ANALYSIS

Plaintiff's Objection raises only one narrow issue – whether two executed witness affidavits are attorney work product and, therefore, protected from disclosure by Federal Rule of Civil Procedure 26(b)(3). Rule 26(b)(3) provides, in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's

attorney, consultant, surety, indemnitor, insurer, or agent)."

The two documents at issue here are signed affidavits of Steve Trail and Alan Stephens, both current employees of Defendant. It is undisputed that these affidavits were prepared after this litigation commenced by paralegals in Plaintiff's attorney's office from notes taken by Plaintiff's attorney during interviews with Trail and Stephens. (Court Doc. 39, Affidavit of Harry F. Burnette, ¶ 8.)

In concluding that these affidavits were not protected by the work product doctrine, Magistrate Judge Carter relied on this Court's opinion in *Trustees of the Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford*, 573 F. Supp. 2d 1023, 1028 (E.D. Tenn. 2008) (Collier, J.). In *Crawford*, the Court held that "sworn witness statements and affidavits are evidence; they are a witness's own statements and are not protected by the work product doctrine." The Court recognizes, as Plaintiff points out, that it is not bound by the holding in *Crawford*, and that the United States Court of Appeals for the Sixth Circuit has not yet spoken on this issue. The Court further recognizes that district courts across the country are split on this issue. *Compare Tuttle v. Tyco Electronics Installation Servs.*, 2007 WL 4561530 (S.D. Ohio Dec. 21, 2007) ("Affidavits are not normally protected by the word product doctrine for the very reason that an affidavit 'purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel.'") *with Lamar v. Williams Comm'ns, LLC*, 2007 WL 445511 (N.D. Okla. Feb. 6, 2007) (production of affidavits would be "intruding into the heart of attorney trial preparation."). The majority of courts, however, have reached the same conclusion as did this Court in *Crawford* and required disclosure of witness affidavits

prepared in anticipation of litigation. *See Murphy v. Kmart Corp.*, 2009 WL 89687, *9 (D. S.D. Jan. 9, 2009) (noting that the majority of district courts have held that affidavits are not protected by the work product privilege).

Having reviewed the cases cited by the parties, as well as having conducted its own independent research, the Court agrees with the majority position and concludes that the sworn affidavits of Steve Trail and Alan Stephens are not protected by the work product doctrine. Although the affidavits were prepared by Plaintiff's attorneys, by their very nature the affidavits are the witnesses own statements. "[A]n attorney's memorialization of events, effectively acting as a stenographer, does not fall within the sphere of documentation protected by the work product privilege." *E.E.O.C. v. Jamal & Kamal, Inc.*, 2006 WL 2690226, *3 (E.D. La. Sept. 18, 2006).

The purpose of the modern civil discovery rules is to get all of the proverbial cards on the table in advance of trial. *See United States v. American Tel. & Tel. Co.*, 86 F.R.D. (D.D.C. 1979). In 1938, the federal courts moved from fact pleading with limited pre-trial discovery to notice pleading with extensive pre-trial discovery. 8 Charles A. Wright, *et al.*, Federal Practice and Procedure § 2001 (2nd ed. 1994). In doing so, the courts "sought to put an end to the 'sporting theory of justice,'" by eliminating much of the gamesmanship that previously surrounded pre-trial proceedings. *Id*. The Supreme Court has repeatedly held that the current discovery rules are "to be accorded a broad and liberal treatment so as to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

In this case, Plaintiff presumably procured the affidavits of Stephens and Trail with

the intent to introduce them into evidence at some point prior to trial – most likely in response to a motion for summary judgment that may be filed by Defendant. The Court cannot see how permitting Plaintiff to withhold these affidavits until the time of his choosing comports with the objectives of the modern discovery rules. Accordingly, Plaintiff shall produce to Defendant the affidavits of Stephens and Trail.

### III.    CONCLUSION

For the reasons discussed above, Plaintiff's Objection [Court Doc. 41] to Magistrate Judge Carter's Memorandum and Order granting in part Defendant's Motion to Compel is **OVERRULED**. Plaintiff **SHALL PRODUCE** to Defendant the affidavits of Steve Trail and Alan Stephens on or before **May 4, 2009**.

SO ORDERED this 29th day of April, 2009.

   /s/Harry S. Mattice, Jr.   
HARRY S. MATTICE, JR.  
UNITED STATES DISTRICT JUDGE
